UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 13 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTONIO ROSSELLO and )
JOAQUIN ROSSELLO )
as next friends of )
CRISTINA ROSSELLO )
)
Plaintiffs, )
) Civ. Action No. 01-2694 (RJL)
v. )
)
JO ANNE B. BARNHART )
Commissioner of Social Security )
)
Defendant. )

## MEMORANDUM OPINION
(February 13, 2007)[#10,#22]

Plaintiff Antonio and Joaquin Rossello, as next friends of their daughter, Cristina Rossello, have sued Jo Anne B. Barnhart, Commissioner of the Social Security Administration (the "Commissioner"), seeking review of the Commissioner's denial of Ms. Rossello's application for disability benefits. Currently pending are Plaintiffs' motion for summary reversal of the Commissioner's decision and Defendant's motion for affirmance of that decision. For the following reasons, Defendant's motion will be GRANTED and the Plaintiffs' motion will be DENIED.

### BACKGROUND

Christina Rossello, a forty-two year old American citizen who resides in Paraguay, suffers from bipolar schizoaffective disorder. Plaint.'s Mot. for Summary Reversal, p. 1. In February 1994, Ms. Rossello, through her father, applied to the SSA for childhood

disability benefits back to 1979. *Id.* Her application was denied initially and upon reconsideration. *Id.*

In 1998, Ms. Rossello's claim was reviewed by an administrative law judge ("ALJ") who, likewise, decided she was ineligible for benefits because she had failed to demonstrate a medically determinable impairment prior to the age of twenty-two. Administrative Record ("Record"), p. 4. Ms. Rossello then sought review before the SSA's Appeals Council (the "Council"). *Id.*

In September 2000, the Council upheld the ALJ's decision. *Id* at 7-8. According to the Council, Ms. Rossello had engaged in substantial gainful employment ("SGA") in 1986 and 1987 and thus did not qualify for childhood disability under SSA guidelines because she was not continuously disabled from a point in time prior to her twenty-second birthday until the date of her application in 1993. *Id.* Since the Council's decision constitutes the final decision of the Commissioner, Plaintiffs filed the present action in October 2000, seeking a reversal of the Council's decision on the grounds that she had not been afforded a full and fair hearing[1] and that there was not substantial evidence to support the Council's decision that Plaintiff's work in 1986 and 1987 actually constituted SGA. The Defendant has moved to affirm the Council's decision.

---

[1] Before deciding to deny the Plaintiffs' claims, the Council allowed plaintiffs to submit additional evidence and carefully considered the entire record before making its decision. Accordingly, the Court finds that Plaintiffs were provided a full and fair hearing.

## ANALYSIS

In order to qualify for childhood disability benefits as an adult, Ms. Rossello would have to demonstrate that she suffers from a disability[2] which began before she turned twenty-two and continued, *without interruption*, until she applied for benefits. 42 U.S.C. § 402(d)(1)(B); *Smolen v. Chater,* 80 F.3d 1273, 1280 (9th Cir. 1996); *Reyes v. Secretary of Health, Educ. and Welfare*, 476 F.2d 910, 914 (D.C.Cir. 1973). Ms. Rossello turned twenty-two in 1986; she applied for disability benefits in 1993. Record, p. 8.

Under SSA regulations, a claimant who has engaged in "substantial gainful activity" is not disabled, despite medical evidence to the contrary. 20 C.F.R. §§ 404.1520(a), (b); *Brown v. Bowen,* 794 F.2d 703, 705 (D.C.Cir. 1986). Substantial gainful activity is any activity, including part-time work, that involves significant physical or mental activities and is the kind of work usually done for profit. 20 C.F.R. §§ 404.1572(a), (b). Indeed, average monthly earnings as meager as $300 are presumed to be evidence of SGA. 20 C.F.R. § 404.1574(b). This presumption may be rebutted however, if the Commissioner finds that the claimant's work attempt was unsuccessful, that she worked under special conditions, or that her earnings were subsidized. 20 C.F.R. §§ 404.1573, 404.1574.

---

[2] A "disability," as defined by the Social Security Act, is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A).

3

In deciding that Ms. Rossello had engaged in SGA, the Council first noted that Social Security records indicated that her average monthly earnings were $334.42 in 1986 and $587.04 in 1987. Record, p. 5. In addition, it noted that the duties she performed were duties "performed in the national economy" according to the Dictionary of Occupational Titles. *Id* at 6.

To counter this, Plaintiffs submitted affidavits from family members attesting to the limited nature of her duties and arguing that the record shows that Ms. Rossello worked under special conditions, her earnings were subsidized, and that her work attempts were unsuccessful (given that her tenure was brief and because she had to stop working in order to receive further treatment). The Council found this evidence, however, to be unpersuasive.

Under the Social Security Act, 42 U.S.C. § 405(g), district courts are empowered to review decisions of the Commissioner, 42 U.S.C. § 405(g), but not substitute their judgment for that of the Commissioner. *Crosson v. Shalala*, 907 F.Supp. 1 (D.D.C 1995). Thus, the Council's decision must be upheld, if "supported by substantial evidence." 42 U.S.C. § 405(g); *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C.Cir. 1987); *Brown v. Bowen*, 794 F.2d 703, 705 (1986); *Crosson*, 907 F.Supp. at 3. Substantial evidence is "more than a mere scintilla, [it is] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perles*, 402 U.S. 389 (1971); *Smith*, 826 F.2d at 1121.

In this case, the Court finds substantial evidence to support the Council's decision. Here the evidence submitted by the Plaintiffs' family was limited in nature and did not, thereby, provide a basis to reverse the ALJ's decision. Indeed, nothing indicated that Ms. Rosello's earnings were subsidized or that her work conditions were particularly unique. Moreover, Plaintiffs' allegations that her employment ended due to her condition is not established by the evidence. Although the evidence could be interpreted differently, it is not the duty of this Court to substitute its judgment for that of the Council. Thus, given the evidence in the record, and the obvious consideration the Council gave to each piece of that evidence, the Court finds the Council's decision is supported by substantial evidence. Accordingly, the Commissioner's motion for affirmance will be GRANTED and Plaintiffs' motion for reversal DENIED.

_____
RICHARD J. LEON
United States District Judge